IN THE MATTER OF THE CLAIM FOR COMPENSATION OF KIM POO KUM *v.* T. SUGIYAMA AND THE OCEAN ACCIDENT AND GUARANTEE CORPORATION.

No. 2152.

ARGUED NOVEMBER 7, 1935.          DECIDED NOVEMBER 13, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE BROOKS IN PLACE OF BANKS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

*Per Curiam.* The motion filed herein on April 23, 1934, by claimant for allowance of costs including an attorney's fee under what is now section 7520, R. L. 1935, is before us for determination. This motion was submitted on the theory that because the insurance carrier perfected an appeal from the decision of the industrial accident

board to the circuit court instead of directly to this court the proceedings were therefore "without reasonable ground" and under the provisions of the statute above referred to subject the insurance carrier to the payment of the entire costs of the proceeding. We are advised of no law by which the insurance carrier could have as of right appealed directly to the supreme court from the judgment complained of.

The lengthy and expensive litigation which followed the awarding of compensation to claimant by the industrial accident board in the first instance could in a large measure have been obviated had claimant at the outset joined the insurance carrier to the proceedings as a party respondent. The insurance carrier should not be required to bear the burden of expenses which were incurred through no fault of its own. The motion, we think, is without merit and is therefore denied.

Claimant also moved in the alternative that this court allow him an attorney's fee to be paid out of the award to claimant. In the judgment entered by the circuit court on January 10, 1933, counsel was granted a fee of $350 which was ordered paid out of compensation awarded to claimant. Since that date the case was remanded to the industrial accident board for the consideration of claimant's motion to join the insurance carrier as a party and was again taken to the circuit court on appeal and finally reached this court on exceptions.

If counsel is entitled to compensation for services rendered subsequently to the date of the allowance to him heretofore made by the circuit judge, we think, to expedite the matter and have it disposed of in one proceeding, the application for additional compensation should be directed to the industrial accident board.